UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIAH MEADE, on behalf of herself and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OGORGEOUS INC. d/b/a POPFLEX,<br><br>Defendants. | Case No. 3:26-cv-5522<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[CLERK'S ACTION REQUIRED]** |

Defendant oGorgeous Inc. d/b/a POPFLEX ("POPFLEX"), respectfully gives notice of the removal of this matter to the United States District Court for the Western District of Washington at Tacoma. Removal is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). This matter is a civil action in which the alleged amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, is alleged to include more than 100 members in the proposed putative class, and is between citizens of different states. 28 U.S.C. § 1332(d).

## I. BACKGROUND

On April 20, 2026, Plaintiff Mariah Meade, purportedly on her own behalf and on behalf of others similarly situated, filed the above-captioned lawsuit with a stated venue of Pierce County Superior Court, Case No. 26-2-07952-3 ("Pierce County Action"). On or about April 21, 2026, Plaintiff attempted service on POPFLEX of the Complaint in the Pierce County Action. True and correct copies of the Civil Cover Sheet for the Western District of Washington and the Complaint



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

from the Pierce County Action are attached.[1] True and correct copies of the other pleadings on file in the Pierce County Action, including a docket sheet, are attached as **Exhibits 1** and **2** to the accompanying Declaration of Meegan Brooks ("Brooks Decl."). In the Pierce County Action, Plaintiff generally claims that POPFLEX violated the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act ("CPA"), RCW 19.86.020, by "frequently send[ing] spam emails to consumers with misleading and deceptive subject headings" to Plaintiff and other Washington residents.[2] (Compl. ¶¶ 40, 68, 73-78.)

## II. REMOVAL UNDER CAFA

### A. Requirements for Removal

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil action over which the United States district courts have original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

This Court has original jurisdiction over this action under CAFA. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of Plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2), (5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a).

The United States Supreme Court clarified the standards for removal under CAFA in its

---

[1] In filing this Notice of Removal, POPFLEX does not waive or otherwise concede any arguments it may have concerning deficient service of process.

[2] Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like—all of which POPFLEX expressly denies—or a waiver of any of POPFLEX's rights or defenses. POPFLEX reserves the right to supplement and amend this Notice of Removal.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

2014 decision in *Dart Cherokee Basin Operating Company LLC v. Owens*, 574 U.S. 81, 87 (2014). The Supreme Court held that courts must apply the same liberal rules to removal allegations as to other matters of pleading. *Id.* at 553. Furthermore, the *Dart Cherokee* decision held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 554.

Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (emphasis added); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively"); *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 929 (9th Cir. 2015) (concluding district court erred "by applying a 'strong presumption against removal jurisdiction'").

**B. <u>The Requirements for Removal under CAFA Are Satisfied.</u>**

*1. The Proposed Class Includes At Least 100 Members*

Plaintiff seeks to certify a class of "[a]ll Washington residents holding an email address to which Defendant POPFLEX sent or caused to be sent any email listed in Exhibit A during the Class Period." (Compl. ¶ 73.) Exhibit A to the Complaint contains four email subject lines, and Plaintiff defines the Class Period as "four years before this Class Action Complaint is filed to the date a class certification order is entered in this action." (*Id.* ¶¶ 58, 75, & Ex. A.) Further, Plaintiff claims that the class is "so numerous that joinder of all members is impracticable" and estimates the class will "minimally contain <u>thousands</u> of members." (*Id.* ¶ 77 (emphasis added).)

*2. The Amount in Controversy Exceeds $5 Million*

A notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include evidentiary submissions. *Dart Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the "pleading" requirements for removal' and to clarify that courts



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'"); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("[A] removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (quoting *Dart Cherokee*).

Thus, a defendant's amount in controversy allegation should be accepted when not contested by a plaintiff or questioned by the court. *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation, both sides must submit proof and the court will decide, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied. *Id.* at 88–89; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart Cherokee*); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *Id.* § 2:3435, at 2D-172–173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"). Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

Again, POPFLEX denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint and does not waive any defense with respect to any of Plaintiff's claims. Nevertheless, POPFLEX has calculated the amount in controversy for purposes of this notice by taking Plaintiff's allegations in the Complaint at face value and aggregating claims of alleged individual class members pursuant to 28 U.S.C. § 1332(d)(6). Plaintiff's allegations place the amount in controversy on Plaintiffs' CEMA action well above $5,000,000, exclusive of interest and costs.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

Plaintiff seeks $500 in statutory damages per violation, which she claims means $500 per email, per recipient.[3] (Compl. ¶ 100) Plaintiff also seeks treble damages under the Washington Consumer Protection Act, RCW § 19.86.090. (*Id.* at 17 (Prayer for Relief (C).)[4] Thus, she seeks $1,500 per allegedly violative email sent to every Washington recipient in the last four years.

Plaintiff claims that POPFLEX has initiated or conspired to initiate the transmission of commercial emails with false or misleading subject lines to Plaintiff and the class members, and attaches a list of four of email subject lines that she alleges violate CEMA. (Compl. ¶ 58, Ex. A.). She further claims that she received at least eight marketing emails from POPFLEX, between 2024 – 2025. (*Id.* ¶¶ 45-58, 69-70.)

Plaintiff alleges she received at least eight emails within the last four years (8 x $1,500 damages/per email = $12,000). (*Id.* ¶¶ 45-56, 69-70.) Plaintiff estimates that the class "minimally contains thousands of members [i.e., at least 2,000]." (Compl. ¶ 77.) If just 2,000 class members received these same emails, the amount in controversy would be at least $24 million—well above $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("If the claim was 'apparently made in good faith,' then the sum claimed by the plaintiff controls for removal purposes unless "it is apparent, to a legal certainty, that the plaintiff cannot recover the

---

[3] Washington District Courts have understood CEMA to permit recovery of statutory damages of $500 per violative email. *See, e.g.*, *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1003-04 (W.D. Wash. 2019). The statutory penalty was recently reduced to $100 with passage of 2274-S.SL (69th Leg. 2026 Reg. Session) (effective date June 11, 2026). The legislative change does not apply to cases such as this one which were enacted before the effective date.

[4] POPFLEX recognizes that under well-established Washington law, for a CPA claim, "treble damages may only be based upon actual damages." *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 565, 825 P.2d 714 (1992). However, POPFLEX bases its damages calculations on Plaintiff's apparent good faith allegations. *Flores v. Safeway, Inc.*, 2019 WL 4849488, at *3 (W.D. Wash. Oct. 1, 2019) ("A particularly powerful form of evidence" that satisfies the amount in controversy requirement and establishes federal jurisdiction "is the plaintiff's own statements about the damages they seek."); see also *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) (A party's "potential defense to [a] state court action that [a] damages limitation restricts recovery [below a jurisdictional threshold amount] . . . does not preclude federal jurisdiction.").



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

amount claimed.”).

Finally, Plaintiff also seeks attorneys’ fees and costs. (*Id.* at 17 (Prayer for Relief (D).) Attorneys’ fees should also be included in connection with the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Although POPFLEX denies Plaintiff’s claim for attorneys’ fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys’ fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys’ fees is 25% of the common fund). Assuming the amount in controversy is $24,000,000, an award of 25% attorneys’ fees based upon such amount would be an additional $6,000,000. If the amount in controversy is $5,000,000, an award of 25% attorneys’ fees based upon such amount would be an additional $1,250,000. This amount further increases the amount in controversy above CAFA’s threshold.

*3. Minimum Diversity Exists*

Diversity exists for purposes of removal under CAFA where “any member of a class of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2). “[T]he term ‘class members’ means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.” 28 U.S.C. § 1332(d)(1)(D).

A corporation is “a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.” 28 U.S.C. § 1332(c); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (“‘principal place of business’ refers to the place where the corporation’s high-level officers direct, control, and coordinate the corporation’s activities,” typically the corporation’s headquarters). POPFLEX is a corporation organized under the laws of the State of Texas with its principal place of business in Austin, Texas. (Compl. ¶ 11); Attached hereto as **Exhibit A** to the Notice of Removal is a true and correct copy of the Texas Comptroller Franchise Tax Account for POPFLEX showing that it is incorporated under the laws of Texas with its principal office located at 300 Beardsley Lane, Suite C101, Austin, Texas 78746. (accessible here: https://comptroller.texas.gov/taxes/franchise/account-status/search/32093546805.)



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

A person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). The Complaint alleges that Plaintiff Mariah Meade is a resident of Pierce County, Washington. (Compl. ¶ 10.) Moreover, Plaintiff seeks to certify a class of, inter alia, "[a]ll Washington residents" who, within the last four years received at least one of the emails from POPFLEX listed in Exhibit A to the Complaint. (*Id.* ¶¶ 73-75.)

Because Plaintiff and the alleged class members are citizens of Washington, and POPFLEX is a citizen of Texas, CAFA's diversity-of-citizenship requirement is satisfied.

### C. No CAFA Exceptions Apply.

The Pierce County Action does not fall within any exception to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## III. THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

Signature. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

Venue. Pursuant to 28 U.S.C. § 1446(a), POPFLEX files this Notice of Removal in the United States District Court for the Western District of Washington at Tacoma, which is federal district court embracing the state court where Plaintiff brought the Pierce County Action—Pierce County, Washington. The Tacoma Division is the appropriate division of this Court because Plaintiff filed the Pierce County Action in Pierce County, Washington. *See* LCR 3(e).

Removal is timely. POPFLEX was served with the Summons and Complaint on April 23, 2026. This Notice of Removal is timely in that it is being filed within 30 days of POPFLEX's receipt of service of process of the Summons and the Complaint. *See* 28 U.S.C. § 1446(b).

Consent. POPFLEX is not removing this case "solely under section 1441(a)," and thus it need not secure consent of all parties. *See* 28 U.S.C. § 1446(b)(2)(A).

Notice. Concurrently with the filing of this Notice of Removal, POPFLEX is giving written



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

notice of removal to Plaintiff and filing a copy of this Notice of Removal with the Clerk of the Pierce County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Copy of Operative Complaint. POPFLEX is concurrently filing a copy of the operative complaint as a separate attachment labeled as the Complaint in accordance with Local Civil Rule 101(b)(1).

Certificate of Service. POPFLEX is concurrently filing a certificate of service that lists all counsel who have appeared in the Pierce County Action in accordance with Local Civil Rule 101(b)(2).

Civil Cover Sheet. POPFLEX is concurrently filing a completed Civil Cover Sheet (AO44) in accordance with Local Civil Rule 101(b)(4).

Pleadings and Process. POPFLEX is concurrently filing true and complete copies of additional records and proceedings on file in the state court that will be submitted in accordance with Local Civil Rule 101(b)(5). *See* Brooks Decl., Exs. 1–2.

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a), and the claims should be adjudicated in this Court, as the action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.[5]

## IV. CONCLUSION

POPFLEX hereby removes this case to federal court and respectfully requests that this Court proceed with this action as if it had been originally commenced in this Court and make all orders necessary and appropriate to effectuate this removal.

//

//

//

[5] In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, POPFLEX respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.



BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7000 FAX: 206.223.7107

DATED this 20 day of May, 2026.

BALLARD SPAHR LLP

By: */s/ Meegan Brooks*
Meegan Brooks, WSBA No. 62516
*/s/ Erika O'Sullivan*
Erika O'Sullivan, WSBA No. 57556
1301 2nd Avenue, Suite 2800
Seattle, WA 98101
Telephone: 206.223.7000
brooksm@ballardspahr.com
osullivane@ballardspahr.com

*Attorneys for Defendant oGorgeous Inc. d/b/a POPFLEX*